MEMORANDUM OF FACTS IN SUPPORT OF THE PROOF OF CLAIM
In re ROMAN SLEDZIEJOWSKI, case No.: 13-22050

Elzbieta Kurkowski, an attorney duly admitted to practice law in the Eastern District of New York, on behalf of JERZY MENDELKA, NDV INVESTMENT COMPANY, JM PROPERTY SP Z.O.O. SP.K. and RYNA CAPITAL INC., in support of the Claims represents and alleges as follows:

Claimant NDV Investment Company: At the time of filing, Claimant NDV Investment Company is a resident of and is incorporated in Charlestown, Island of Nevis, where it was incorporated on April 1, 2008.  Claimant NDV Investment Company is and was always wholly owned and controlled by Claimant Jerzy Mendelka, who is and always was the sole shareholder. Claimant, NDV Investment Company is represented by the Law Office of Elzbieta Kurkowski, located at 501 Fifth Avenue, Suite 300, New York, New York  10017.

Claimant Jerzy Mendelka: At the time of filing, Claimant Jerzy Mendelka is a resident of Warsaw, Poland, where he has lived most of his life. Claimant, Jerzy Mendelka is an engineer by education and has never had any training in finance. He has been successful in business, as a developer of real estate, in Poland where he lives, and gradually accumulated the funds which he used to fund Claimant NDV Investment Company. This Investment Company which was the vehicle for the investment is the subject of this claim. Claimant, Jerzy Mendelka has never had a formal career in investment, nor possessed the requisite kind of knowledge which would have allowed him to thoroughly understand investing.  At all times relevant hereto, Mr. Mendelka was a novice investor who completely relied on the professional advice, expertise, and fiduciary capacities of the advice of Roman Sledziejowski in the investment and safekeeping of the assets of his corporations, Claimant NDV Investment Company and JM Property SP Z.O.O. SP K.  Claimant, Jerzy Mendelka, is represented by the Law Office of Elzbieta Kurkowski, located at 501 Fifth Avenue, Suite 300, New York, New York

10017.

Claimant, JM Property SP Z.O.O. SP K: At the time of the filing Claimant, JM Property SP

Z.O.O. SP K, is a resident of and is incorporated in Warsaw, Poland, where it was incorporated on June

23, 2006.  Claimant, JM Property SP Z.O.O. SP K,  is and was always wholly owned and controlled by

Claimant Jerzy Mendelka, who is and always was the sole shareholder. Claimant, JM Property SP

Z.O.O. SP K, is represented by the Law Office of Elzbieta Kurkowski, located at 501 Fifth Avenue,

Suite 300, New York, New York  10017.

Claimant RYNA CAPITAL INC. was incorporated on October 20th, 2006. Claimant RYNA

CAPITAL INC. is and was always wholly owned and controlled by Claimant Jerzy Mendelka, who is

and always was the sole shareholder. Claimant RYNA CAPITAL INC. is represented by the Law Office

of Elzbieta Kurkowski, located at 501 Fifth Avenue, Suite 300, New York, New York  10017.


FACTUAL ALLEGATIONS


Claimant, Jerzy Mendelka, is a native speaker of the Polish language, and does not read nor

write in the English language. Prior to his investment with the Penson Financial Services, Inc., he had

never invested in the United States.  At the time of the investment, Claimant, Jerzy Mendelka, was

computer illiterate.

Claimant, Jerzy Mendelka, while in Poland, was introduced by a friend to Roman

Śledziejowski, an American broker of Polish descent, who was fluent in Polish.  The friend represented

that Mr. Śledziejowski was an excellent American broker, and that all of his clients made money.

Roman Śledziejowski conducted his brokerage business through TWS Financial Inc., also known as

TradeWallStreet, International.

Roman Śledziejowski wooed Claimant, Jerzy Mendelka, in Poland, and convinced him that he

should make a substantial investment in the American market. More specifically, he convinced him that he should place substantially all of his liquid assets into a Nevis based corporation, and then through that corporation invest in Penson Financial Services, Inc.  Mr. Śledziejowski explained that as a safe and effective investment strategy, an account should be established with Penson Financial Services, Inc., the deposited funds to be used as Collateral. This was represented to Claimant,  Jerzy Mendelka, to be a safe, yet lucrative, investment. Mr. Śledziejowski also represented that the funds would never leave Penson Financial Services, Inc., until and unless Claimant, Jerzy Mendelka, personally authorized such transactions.

In accordance with the plan presented by Roman J. Śledziejowski, Claimant, Jerzy Mendelka, established a Corporation in Nevis, namely Claimant, NDV Investment Company. Claimant, NDV Investment Company, was capitalized with funds drawn from Ryna Capital, Inc., a corporation wholly owned by Claimant, Jerzy Mendelka. Thereafter, Roman J. Śledziejowski was instrumental in establishing an account for Claimant, NDV Investment Company, with Penson Financial Services, Inc.

The "plan" itself was in violation of FINRA Rule 2111, as an improper short term growth investment, of FINRA Rule 3040 as a private investment without written notice and approval, of FINRA Rule 2370 as an improper extension of credit from a customer to a registered representative, and of SEC Section 506 of Regulation D in the selling of this "investment" to a non-accredited, non-qualified, investor whose level of investment expertise/experience was that of a novice.

At the time of the initial investment and at all times relevant hereto, Penson Financial Services, Inc., was registered as a broker dealer/clearing house with the Securities and Exchange Commission and formerly a member of FINRA, which registration and membership remained in effect until August 6, 2012, when Penson Financial Services, Inc., terminated or withdrew its membership in FINRA. Penson Financial Services, Inc. has filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the District of Delaware on or about January 11th, 2013 under Case No. 13-10061 (PJW).

Penson Financial Services, Inc., at all times relevant hereto, either had no Polish speaking employees, or did not employ such employees to communicate with Claimant, Jerzy Mendelka, at any time whatsoever. At all times relevant hereto, no documents, written disclosures or notices were provided to Claimant, Jerzy Mendelka, in the Polish language.

Notwithstanding the intentional misrepresentations and regulatory irregularities associated with the application for creation of the Claimant, NDV Investment Company, the account was open at Penson Financial Services, Inc., with an initial balance of Ten Million US Dollars ($10,000,000.00). This amount was electronically transferred from Claimant, NDV Investment Company, to Penson Financial Services, Inc., on May 21, 2008. The initial funding payment was directed to Penson Financial Services, Inc., account no. 066600030, for the benefit of Claimant, NDV Investment Company, account no. 38004503. **Initial transfer confirmation** attached as **Exhibit A**. Of the above two accounts, Account no. 066600030 was a Penson Financial Services, Inc. clearing account, and was transferred to the investment account for Claimant, NDV Investment Company, maintained by Penson Financial Services, Inc. Account no. 38004503.

More than two years later, further capitalization of the account took place on December 23, 2010, in the amount of Two Million Five Hundred Thousand Polish Zloty (zł 2,500,000.00). These funds originated from Europejska Kompania Inwestycyjna, SP Z.O.O. SP K, a company wholly owned by Claimant, Jerzy Mendelka. **Bank statement of December 23, 2010** attached as **Exhibit B**. The final capitalization of the Claimant, NDV Investment Company, account maintained by Respondent, Penson Financial Services, Inc., was a transfer of Two Million Polish Zloty (zł 2,000,000.00) from another company Claimant, Jerzy Mendelka, wholly owned, namely Claimant, JM Property SP Z.O.O. SP K, on December 27, 2010. **Bank statement of December 27, 2010** attached as **Exhibit C**.

In addition to the above, Claimant, Jerzy Mendelka, on July 2, 2009, transferred funds to Penson Financial Services, Inc., in the amount of Three Million US Dollars ($3,000,000.00) from

Claimant, JM Property SP Z.O.O. SP K, intending that the funds be placed in the Claimant, NDV Investment Company, account. The funds were borrowed from Noble Bank S.A. in Warsaw on or about June 6th, 2009.

However, the aforementioned 2009 funding of the Claimant, NDV Investment Company, account was never accomplished. Rather, another account was established with Penson Financial Services, Inc., account # 30013957. The establishment of this account was done entirely without authorization, documentation, or any sort of written or oral direction on the part of the Claimants. Claimant JM Property SP Z.O.O. SP K. and Claimant, Jerzy Mendelka, at all times were under the impression that the account established for Claimant, NDV Investment Company and maintained by Penson Financial Services, Inc., under account #38004503, was being further funded. This was quite simply the creation of a rogue account within Penson Financial Services, Inc., using the Claimants' funds. **Bank Statement of July 2, 2009** attached as **Exhibit D.**

Prior to initial funding, on April 8, 2008, the documents opening the account for Claimant, NDV Investment Company, were executed by Jerzy Mendelka with the help of Roman Sledziejowski. Claimant, Jerzy Mendelka, traveled from Poland to New York City to sign the documents in order to open the account.  These documents were entirely in English. Roman Śledziejowski, who is fluent in both English and Polish, and Claimant, Jerzy Mendelka, were present for the signing of the documents.

Since Claimant, Jerzy Mendelka, neither reads nor writes the English Language, Roman Śledziejowski, explained the documents to Claimant, Jerzy Mendelka prior to his signing them. Roman Śledziejowski explained to Claimant, Jerzy Mendelka, that as he had proposed in the planning stages, the documents established that the funds deposited in the Claimant, NDV Investment Company, account would be used by Penson Financial Services, Inc., as Collateral, and that Claimant Jerzy Mendelka, would reap a return on his investment for that use. Mr. Śledziejowski also represented that the documents stated the funds would never leave Penson Financial Services, Inc. <u>Claimant, Jerzy</u>

<u>Mendelka, was explained by Mr. Śledziejowski that he was establishing a non-trading account</u>. This was a purposeful falsehood, a perversion of truth, for the purpose of inducing Claimant, Jerzy Mendelka to invest his funds in the account. This was a statement he relied upon, without which he would never have invested the funds in Penson Financial Services, Inc.

None of the Claimants ever gave any authority to Roman Sledziejowski or any of his companies to act on their behalf.

Claimants received no further written materials from Penson Financial Services, Inc., nor from any other source whatsoever in the years following the opening of the account; not one single account statement was received in the mail or otherwise.

Claimant, Jerzy Mendelka, was led to believe that Roman J. Śledziejowski was in the employ of, and/or was the agent of Penson Financial Services, Inc., and had in those capacities, honestly translated the meaning of the account documents from the English language to the Polish language. Since nobody from Penson Financial Services, Inc., on the date of the signing of the documents was present at what was ostensibly one of their New York City offices, or thereafter spoke to Claimant, Jerzy Mendelka in Polish, or provided him with the Polish translation of any document, or provided any kind of written statement of account, Claimant, Jerzy Mendelka, had no way of being alerted to the danger began to his investment by establishing an account with Penson Financial Services, Inc., through Roman Śledziejowski. The aforementioned documents are attached as **Exhibit E**. It is to be emphasized that Claimant, Jerzy Mendelka, <u>never</u> signed paperwork that provided Penson Financial Services, Inc., or any other person or entity, with discretionary authority to transfer funds, buy or sell securities on behalf of himself, Claimant, NDV Investment Company or Claimant, JM Property SP Z.O.O. SP K.

During one of his trips to Poland, Mr. Śledziejowski, created and provided instructions how to use to Jerzy Mendelka, a website that was "password protected" to view the Claimant, NDV

Investment Company, account statements over the Internet. The website was **entirely fraudulent**, and at all times presented the account as being fully funded, when in fact at some point during that time all of the monies deposited with  Penson Financial Services, Inc., were already depleted. Claimants did not give Penson Financial Services, Inc., or Roman J. Śledziejowski the authority to withdraw any funds from the accounts maintained by Penson Financial Services, Inc., at any time. Therefore, the fraud that this represented is chargeable to Penson Financial Services, Inc., and Roman J. Sledziejowski.  The fraud violated multiple laws and regulations, among them the anti-fraud provisions of Section 37 of the Investment Company Act of 1940, the anti-fraud and anti-forgery provisions of FINRA Rule 2020, the anti-fraud provisions of SEC Rule 10b-5, the anti-fraud interstate commerce provisions of Securities Act of 1933, Section 17.

Claimant, Jerzy Mendelka, preserved the fraudulent financial statements contained within the web pages by printing them out for his own records. **Printout of Śledziejowski's created Website Statements of Accounts, "TWS International"**, attached as **Exhibit F.**

Counsel for Claimant, Jerzy Mendelka, Law Office of Elzbieta Kurkowski, obtained a printout of Statements of Accounts from TWS Financial, obtained from Apex Clearing Corporation, a legal successor to Penson Financial Services, Inc. The statements obtained from Apex Clearing Corporation, contained completely different numbers, and reflected the complete loss of all of the Claimants' funds. **Statements of Account, "TWS International", obtained from APEX** attached as **Exhibit G.**

 Since the only point of contact provided to Claimant, Jerzy Mendelka and Claimant, NDV Investment Company, Penson Financial Services, Inc., was Roman Śledziejowski and the fraudulent website, Mr. Śledziejowski was able to represent to Claimant, Jerzy Mendelka, that the investment in the Respondent, Penson Financial Services, Inc., "collateral" account was succeeding, growing, and was ever larger as time passed.

Instead Claimants' investment funds, contained in the two accounts, the Claimant, NDV

Investment Company, account, and the second account opened unbeknownst to Claimants, were ever shrinking.  Eventually the accounts were completely depleted, "zeroed out."  At present Claimants do not know whether this was done by a combination of bad investment of Claimants' accounts, carried out by Roman Śledziejowski under the aegis of TWS Financial Inc., in a high-risk and speculative fashion; or what is believed to be outright misappropriation of the funds by Roman Śledziejowski himself and/or by someone else.

Claimants believe that if any statements were produced, Penson Financial Services, Inc., sent these statements to Roman J. Śledziejowski or TWS Financial Inc., rather than to the Claimants.

It is to be emphasized that no transfer or trade from the aforesaid accounts were authorized by Claimants, in any manner. During the month of January 2012 Mr Mendelka attempted to withdraw part of the funds from Penson Financial Services Inc. The request of Mr. Mendelka to transfer some of the funds was never facilitated and Mr. Sledziejowski provided numerous excuses to delay the transfer, like the existing investigation, knowing that the accounts were already depleted to zero balance. Numerous e-mails were send from Mr. Sledziejowski to Mr. Mendelka and his staff providing excuses and blaming himself for the "delay" of the funds transfer. That fact further proves the fraudulent conduct of the Debtor.

The deception was not discovered until October of 2012, when statements of accounts were provided by Apex Clearing Corporation. It was only discovered because Claimant, Jerzy Mendelka, decided to draw on a substantial portion of the funds he thought Claimant, NDV Investment Company, had in the Penson Financial Services, Inc., account, to fund a real estate investment he had committed to in Poland.  This resulted in a series of events which led to the discovery of the fraudulent transfers. By that time, the NDV Investment Company account and the account funded by transfer from Claimant, JM Property SP Z.O.O. SP K, had been completely depleted, with a balance of "Zero."  As there was no funds in the accounts, this resulted in consequential contractual damages, resulting from

the inability of Claimant to fund the new investment opportunity, which damages are yet to be completely determined, but are now approximately $1,200,000.00. To fund the second monetary transfer to Penson Financial Services, Inc., J.M. Property acquired a credit from Noble Bank S.A. in Warsaw, Poland in the amount of 12,000,000.00 Polish zloty which represents approximately $3,000,000.00 with an interest rate of 9.4% yearly. Such credit is not repaid yet, so the interest is still accruing.

During few meetings between Jerzy Mendelka and Roman Sledziejowski, Mr Sledziejowski numerous times acknowledged either he himself or TWS are responsible for the fact that Mr. Sledziejowski couldn't withdraw the funds belonging to him or his companies. The signed agreement from the meeting dated January 12th, 2012 with English translation is attached as **Exhibit H**.

Agreement dated September 7th, 2012 in which Roman Sledziejowski **personally** and jointly with TWS agree to pay to the order of NDV Investment Company the sum over $16,000,000.00 not later then September 7th, 2013 is attached as **Exhibit I**.

On December 10th, 2008 from the Claimant RYNA CAPITAL INC. account, the amount of $250,000 was transferred to Innovest Holdings LLC, operating account in Ossining, NY. Bank transfer confirmation is attached as **Exhibit J**. The Innovest Holdings LLC is a company that is wholly own by Roman Sledziejowski. It was presented by Mr. Sledziejowski to Jerzy Mendelka that funds would have been credited to his account in the Bank of America. Jerzy Mendelka, upon request, was unable to withdraw the funds from the account. That was another fraudulent transaction done by Roman Sledziejowski.

Claimants believe that because the facts in the entire case were interactive and the funds were commingled it is proper to submit one summary of Proof of Claims to support all claims against the Debtor on behalf of Claimants: JERZY MENDELKA, NDV INVESTMENT COMPANY, JM PROPERTY SP Z.O.O. SP.K. and RYNA CAPITAL INC.

RESERVATION OF RIGHTS AND RIGHTS OF SETOFF

Claimants reserve the right to amend /or supplement this Proof of Claim at any time and in any manner, including, but not limited to, fixing or liquidating any claims stated herein, to specify and quantify expenses or other charges or claims incurred  and/or asserted by Claimants, and to assert any additional claims for priority. Claimants reserve the rights to assert any additional claims, to the extent that any such claim exist, as to all of which Claimants expressly reserves all rights, notwithstanding anything contained in this Proofs of Claim: rights to assert contingent claims and claims which may be presently in amounts not fully ascertainable but to be later provided.

The execution and filing of this Proof of Claim is not a waiver of any of Claimants' rights including without limitation, the right to move to withdraw the reference with respect to the subject matter of this claim or otherwise, and any right to trial by jury or an  arbitration that Claimants may have in any civil proceeding arising in or related to this case.

Claimant reserves the right to exercise any and all of its rights, whether under Title 11 of the United States Code, applicable law, or otherwise, including without limitation, any rights of setoff, recoupment, contribution and/or indemnification.

Claimants further reserve all rights accruing to them and the filing of this Proof of Claim is not intended to constitute, and shall not be construed as: election of remedies; a waiver; release or limitation of any rights of Claimant against the Debtor or any other person or entity including but not limited to any entity the Debtor is a shareholder, partner or owner of; or consent to the jurisdiction or venue of any court or forum of dispute resolution.


CONCLUSION


As a direct result of Debtor's actions and failures to act, Claimants have suffered losses of at

least Twenty Million Dollars "$20,000,000.00" with interest and costs. The funds lost ultimately belong to Claimant, Jerzy Mendelka. The accounts maintained with Penson Financial Services, Inc., really represented his personal "nest egg" which took a lifetime to save and earn. These losses were entirely preventable, and would have been prevented, but for the complete and utter failure to follow normal prudent investment procedures for an investment of this kind, and multiple failures to treat the investment in accordance with industry practice, law and regulation.

Further, it appears that Debtor willfully ignored his fiduciary duties by an unwritten, informal and unauthorized actions or inactions of Roman Śledziejowski, thereby enabling the account to be established on an entirely fraudulent basis and thereafter operating on a fraudulent basis.

Debtor owed Claimants a fiduciary obligation to establish accounts on a non-fraudulent basis, with regulatory compliance and full disclosure, thereafter operate that account on a non-fraudulent basis, with regulatory compliance and full disclosure, to properly safeguard the funds entrusted to it, to only permit trading activity on a true trading account,  and to not permit trading or transfer of funds out of the account without proper authorization from the Claimants. Debtor had a duty to prevent unauthorized creation of accounts.  He had a duty to adequately supervise each and every step of this considerable investment from initial creation and funding onward. Debtor violated all of the above duties and thereby directly caused the losses to the Claimants set out herein.

The violations spelled out in the letter were the same kind as to that which took place to cause Claimants' investment losses with Penson Financial Services, Inc., as set out herein, eg: treating the clients funds as one's own, failing to account, failing to disclose, commingling of client funds with broker funds, failing to adequately supervise, placing the financial gain of the institution above the duty to the client, fraudulent transfers of client funds, failure to give notice, and failing to self report.

In light of the obvious and egregious fraud, misconduct, gross negligence, personal guarantees, and compliance failures, Claimants respectfully submit that the claims are non-dischargeable, fully

justified and entirely merited.

A copy of all notices and/or objections with respect to the Proof of Claim should be sent to:


ELZBIETA KURKOWSKI, ESQ.
Attorney for Claimants:
JERZY MENDELKA,
NDV INVESTMENT COMPANY,
JM PROPERTY SP Z.O.O. SP.K. and
 RYNA CAPITAL INC.
501 Fifth Avenue, Suite #300
New York, New York 10017
Tel. (212) 983-0662
E-mail: elakurkow@aol.com